## LYDIA STURMAN

*v.*

## JACOB STREAMER *et al.*

1. EVIDENCE—*party asserting a trust must establish the same by a preponderance of evidence.* Where a promissory note is assigned to a person, upon which he recovers judgment in his own name, and he swears that the assignment to him was absolute, in payment of a debt, the party asserting that he took the assignment in trust to apply the proceeds in payment of other and different indebtedness, must show that fact by clear and satisfactory evidence.

2. SAME—*where two witnesses flatly contradict each other.* Where two witnesses upon an issue flatly contradict each other, the court trying the case can, from the difference in their manner of testifying, from their standing, and a variety of circumstances, determine much better than this court which one is entitled to be believed. So that where a question of fact depends solely on such evidence, this court must depend largely upon the judge below for its determination.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES. H. WOOD, Judge, presiding.

This was a bill in chancery, by Lydia Sturman, against Jacob Streamer, Richard Evans, Alfred E. Harding, and William Sturman, to compel Jacob Streamer to release a mortgage which he bought of Evans. The opinion of the court states the leading facts.

Mr. JAMES FLETCHER, for the appellant.

Mr. A. E. HARDING, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed a bill in the circuit court of Livingston county, to the May term, 1871, against appellees. The facts out of which this controversy grows are, that appellant owned a piece of land, upon which she and her husband and family resided; that she and her husband, to secure a debt of his, executed a mortgage upon it, to Jonathan Duff. The debt was evidenced by six notes, bearing date the 21st of June, 1864. One of the notes was for $500, due five years after date, with ten per cent interest. The other five were each for $50, and payable annually, for five years. At the end of that time, the largest note was not paid.

One Richard Evans purchased this note and mortgage from Duff, and thereby became the legal owner thereof. The husband of complainant sold from the farm a number of cattle, for the sum of $752.81, to Patty and Hill, for which he took their note, dated the 11th of November, 1867, and due the 1st of June, 1869, with ten per cent interest. But a payment of $336.81 was made on this note. It was placed in the hands of an attorney for collection; assigned by Sturman, the husband, to Harding, the attorney, who brought suit in the name of Streamer, and recovered judgment. He collected a part of the judgment, which he paid to Evans, assigned the judgment to him, and paid $88.43, the amount of the mortgage over and above the money collected and the unpaid balance of the mortgage, and Evans assigned the note and mortgage to Streamer.

Appellant claims that the note placed in Harding's hands for collection was intended, and he was directed, when collected, to apply the proceeds in payment of the mortgage; and that the money arising from the judgment was misappropriated, as a payment on indebtedness held by Streamer against appellant's husband and son. On the other hand, Streamer contends that the note was delivered to Harding to be sued in his name, and the money, when collected, was to be applied to the payment of indebtedness which he held against Sturman and his son, and that such was the arrangement entered into by Streamer, and that it was further arranged that Streamer should purchase and hold the mortgage, which he did.

Sturman swears the arrangement was as claimed by his wife; whilst Streamer swears to the view of the case as he claims it was entered into by them. In this, their evidence is flatly contradictory, and is wholly irreconcilable; and we must look to the record to see whether there is anything which inclines to a preponderance one way or the other. On this point, we find no other evidence except that the note was assigned to Streamer, in whose name the recovery was had, and who seems to have paid Harding his fee for suing and recovering the judgment.

The form of the papers evidencing the ownership of the judgment and the mortgage was in favor of Streamer. He held the judgment in his own name, as the mortgage was, in form at least, legally his; and, in the absence of proof to the contrary, this is strong evidence of ownership, and to overcome it, the countervailing evidence must be clear and satisfactory, and not slight, indefinite and unsatisfactory. The proof that he was but a trustee, and held the judgment for the purpose of being, when collected, applied to discharge the mortgage, devolved upon appellant; and has she made such proof? We think she has failed. The evidence of her husband is met by a positive contradiction by Streamer, to say nothing of the forms of the law evidencing title in the

latter. We are clearly of opinion that the evidence largely preponderates in favor of his being the legal holder of the mortgage, and that it is not satisfied.

We will not say that, on an issue of fact, it can not be proved by one witness whose evidence is flatly contradicted by another; but the judge, seeing the witnesses and hearing them testify, can, from the difference in their manner, from their standing, and a variety of circumstances, determine which is and which is not truthful. We, not having the witnesses before us, must depend largely on the circuit judge, in such cases; and in this case, we can not, from anything we find in the record, arrive at a different conclusion from that reached by him.

Had the parties introduced Harding, the attorney, the probabilities are that the case would have been relieved from difficulty. They have not done so, and we must affirm the decree on the evidence as it appears in the record.

*Decree affirmed.*